ROBERT L. BLAND, Judge,
dissenting.
The legislative interim committee, which worked out the scheme for the creation of the court of claims, in its report to the Legislature, emphasized the fact that it was not the intention of the committee that the shortened procedure provision of the court act should be resorted to or used in a case where an issue was presented by the record. The court of claims is naturally bound bji the rules which it has heretofore adopted for its guidance and for the guidance of those state agencies which submit claims to it for determination. The interim committee also stressed the fact that the shortened procedure provision of the court act should only be used where it was plainly manifest that an award should be made. Under a rule of the court of claims all claims are treated as denied and therefore call for strict proof. In the instant case, proceedings involving several claims all presented by claimant Margaret Weekley the claim of her husband sounds in tort and is for damages occasioned to his automobile. The record of these several claims has been prepared by the head of the state agency concerned. It consists chiefly of affidavits with recommendation on the part of the head of the agency that awards should be made as set forth in the majority opinion.
*123 The court of claims has had no opportunity whatever to make any independent investigation of the merit of the several claims, presented by the record. It has merely approved the conclusion of the adjutant general’s office that the owner of the automobile damaged should be paid by way of remuneration in the sum set forth in the majority opinion. The effect of the manner of the presentation of these claims and the way in which they have been determined by the adjutant general is to defeat the very purpose of the court act. If the adjutant general, or any other single agency of the state, can investigate claims asserted against the state and make determination of such claims there would seem to be no real need for the court of claims. It may be true that the awards made to the parties other than the owner of the automobile are just, and it may be true that the amount of the award made in favor of J. C. Weekley is likewise fair and reasonable if, in fact, an award should under the law and under the facts set forth in the record be made at all. My chief grounds of objection to the determination of the case is based upon the manner in which it is presented to the court of claims. As an individual member of the court I am not satisfied with the result of respondent’s investigation and determination of the claims for which awards are made bj^ majority members of the court and cannot concur in such awards. My judgment constrains me to disapprove the investigation of claims in the manner in which such investigation has been made in the instant case. I think the awards made constitute a dangerous precedent and one that strikes at the very necessity for the continued existence of the court of claims.